```
            F I L E D
         10 DEC 20 PM 5:07

         U.S. DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA

      BY:                    DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE M. MARGARET McKEOWN)**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**DONNY LOVE, SR.,**<br><br>　　　　　　　Defendant. | CASE NO. 10cr2418-MMM<br><br>**ORDER** DENYING DONNY LOVE SR.'S MOTIONS TO DISMISS COUNTS 1, 2, AND 3 OF THE SUPERSEDING INDICTMENT, TO FORCE THE GOVERNMENT TO ELECT BETWEEN COUNTS 1 AND 3, AND FOR A BILL OF PARTICULARS AND GRANTING LOVE'S MOTION FOR LEAVE TO FILE FURTHER MOTIONS |

　　　　Donny Love, Sr. moved to dismiss Counts 1, 2 and 3 of the indictment charging him with crimes related to the bombing of the Edward J. Schwartz Federal Courthouse in San Diego. Love also seeks a bill of particulars and asks the court to force the government to elect between Count 1 and Count 3. After the court held a hearing on these motions on November 30, 2010, the government filed a superseding indictment against Love. During a telephonic hearing on December 15, 2010 following Love's arraignment on the superseding indictment on December 14, 2010, the parties stipulated that Love's motions and the briefing relevant to those motions would be deemed filed as to the corresponding Counts 1-3 of the superseding indictment. Having considered the briefing and arguments of counsel, the court now denies

Love's motions for the following reasons.[1]

## I. Motion to Dismiss Counts 1 and 2

Count 1 of the indictment charges Love with violating 18 U.S.C. § 2332a by conspiring with unnamed individuals to use a weapon of mass destruction—specified as pipe bombs—against property that is owned by the federal government and property used in activities affecting interstate and foreign commerce. Count 2 charges that Love violated the same statute by using pipe bombs at the Edward J. Schwartz Federal Courthouse in San Diego. Love argues that these counts must be dismissed for four reasons.

Love initially argues that § 2332a is unconstitutionally vague. Love's argument is premised on the definition of "weapon of mass destruction" in § 2332a(c)(2), which includes "any destructive device as defined in" 18 U.S.C. § 921. Section 921 in turn defines "destructive device" to include, among other things, "explosive, incendiary, or poison gas . . . bomb[s]." 18 U.S.C. § 921(a)(4)(A)(I). Love contends that § 921 also defines all firearms to be destructive devices, with the result that anyone using a firearm could be convicted of using a weapon of mass destruction—an unexpected result given the text of § 2332a. But "if [a defendant's] actions clearly come within the statute, he cannot make a void for vagueness challenge." United States v. Jae Gab Kim, 449 F.3d 933, 942 (9th Cir. 2006). Love is charged with using pipe bombs—not firearms—and pipe bombs are "destructive devices" both within the ordinary meaning of that phrase and within the meaning ascribed to it by § 921. Accordingly, Love cannot sustain a challenge that § 2332a is void for vagueness as applied to his alleged conduct.[2]

---

[1] Because discovery is ongoing in this case, Love's unopposed motion for leave to file further motions is granted. Love also filed a motion to transfer venue for trial. The court will rule on that motion in a separate order.

[2] Love's argument also misinterprets § 921. The statute does not expressly state that all firearms are destructive devices but rather that all destructive devices are firearms. See 18 U.S.C. § 921(a)(3). Nor can the statute be read to include all firearms in the definition of destructive device by implication. Section 921(a)(4)(B) provides that certain large-bore shotguns are destructive devices, raising the

1  Love next argues that Counts 1 and 2 must be dismissed because they "fail to allege
2  that [he] *knew* that the particular weapon was a 'weapon of mass destruction.'" Mot. at 9.
3  Love bases this argument on Staples v. United States, 511 U.S. 600 (1994). Staples, however,
4  does not hold that the government must prove that the defendant knew the weapon fell within
5  a certain category; rather, the government must show that the defendant "kn[ew] the features
6  of [the weapon] that brought it within the scope of the [statute]." Id. at 619. Pipe bombs are
7  within the scope of § 2332a simply because they are explosive bombs. The indictment
8  satisfies Staples by alleging that Love "knowingly and intentionally" used, and "knowingly
9  and intentionally" conspired to use, pipe bombs.

10  Love also contends that the indictment must, but does not, allege that the pipe bombs
11  were "designed or redesigned for use as a weapon." Mot. at 10. Neither § 2332a nor § 921
12  requires that the offending item be designed for use as a weapon. Instead, § 921 includes an
13  exception excluding "any device which is neither designed nor redesigned for use as a
14  weapon" from the definition of "destructive device." 18 U.S.C. § 921(a)(4). This exception
15  is an affirmative defense, not an element of the crime that must be pled in the indictment. See
16  United States v. Oba, 448 F.2d 892, 894 (9th Cir. 1971) (holding that an identically-worded
17  exception in 26 U.S.C. § 5845(f) provides an affirmative defense); see also United States v.
18  Gravenmeir, 121 F.3d 526, 528 (9th Cir. 1997) (noting that the burden of showing that an
19  exception applies falls on the defendant).

20  Finally, Love argues that § 921 violates the non-delegation doctrine because it
21  excludes from the definition of destructive device any item the Attorney General determines

---

23  implication that other types of firearms are not destructive devices. For this reason,
24  the court also rejects Love's argument that § 921 is overbroad because it criminalizes
    conduct that is protected by the Second Amendment. See District of Columbia v.
25  Heller, 128 S. Ct. 2783, 2816-17 (2008) (noting that "the right secured by the Second
26  Amendment is not unlimited," is restricted to "weapons . . . in common use" when that
    amendment was enacted, and "does not protect those weapons not typically possessed
27  by law-abiding citizens for lawful use") (internal quotation marks omitted); see also
28  United States v. Tagg, 572 F.3d 1320, 1326 (11th Cir. 2009) (holding that pipe bombs
    are not protected by the Second Amendment).

"is not likely to be used as a weapon, is an antique, or is a rifle which the owner intends to use solely for sporting, recreational, or cultural purposes." 18 U.S.C. § 921(a)(4). A delegation of legislative power is permissible, however, "[s]o long as Congress" provides "an intelligible principle to which the person . . . authorized to exercise the delegated authority is directed to conform." Mistretta v. United States, 488 U.S. 361, 372 (1989). The plain text of § 921 provides sufficient guidance to satisfy this requirement. See United States v. One Sentinel Arms Striker-12 Shotgun, 416 F.3d 977, 979-80 (9th Cir. 2005) (upholding 26 U.S.C. § 5845(f)(2), which delegates to the Secretary of the Army the authority to determine that certain shotguns, including those "particularly suitable for sporting purposes," are not "destructive device[s]").

## II.     Counts 1 and 3

Like Count 1, Count 3 of the indictment pleads a conspiracy offense. Specifically, it alleges that, between an unknown starting date and May 13, 2008, Love conspired with others to commit four illegal acts. Among other things, the conspiracy in Count 3 allegedly aimed to use pipe bombs to maliciously damage and attempt to damage federal property and property used in activities affecting interstate and foreign commerce, in violation of 18 U.S.C. § 844.

### A.     Motion to Dismiss

Love argues that both conspiracy counts must be dismissed as insufficiently pled because they do not specify starting or ending dates. Both counts, however, state that the conspiracy concluded "on or about" a certain date. That language is sufficiently specific: "[T]he term 'on or about' at most opens the time frame by one or two days, and merely serves to prevent any dickering over the small technicality of an exact date." United States v. McCown, 711 F.2d 1441, 1450 (9th Cir. 1983). An indictment that states the ending date of a conspiracy is generally "sufficient to apprise [the] defendant[] of the charges and enable [him] to prepare a defense," even when—as in this case—the indictment does not include a starting date. United States v. Forrester, 616 F.3d 929, 941 (9th Cir. 2010).

Love also argues that Count 1—the count alleging a conspiracy in violation of § 2332a—must be dismissed because it alleges no overt acts. Unlike the general federal

conspiracy statute codified at 18 U.S.C. § 371, § 2332a does not require an overt act. Rather, it "punishes the mere act of conspiring," with the result that "overt acts in furtherance of the conspiracy need not be alleged." United States v. Miller, 771 F.2d 1219, 1226 (9th Cir. 1985) (discussing Sherman Act conspiracies); see also, e.g., Forrester, 616 F.3d at 940 (noting that indictments alleging drug conspiracies in violation of 21 U.S.C. § 846 need not allege overt acts). Love has therefore failed to show that Counts 1 and 3 are insufficient.

### B. Multiplicity

Love asserts in the alternative that the two conspiracy counts are multiplicitous. Insofar as Count 1 charges a conspiracy in violation of § 2332a and Count 3 charges a conspiracy in violation of § 371, the test enunciated by the Supreme Court in Blockburger v. United States, 284 U.S. 299 (1932), governs this question.[3] Under Blockburger, counts are not multiplicitous if "each count requires proof of an additional fact which the other does not." United States v. Awad, 551 F.3d 930, 937 (9th Cir. 2009) (internal quotation marks omitted).

Counts 1 and 3 are similar: The bombing of the federal courthouse forms the sole object of the alleged § 2332a conspiracy and one of the objects of the alleged § 371 conspiracy. The two counts are nevertheless distinct under Blockburger. The relevant unlawful goal of the conspiracy alleged in Count 3 is a violation of § 844, which requires damage to property, see 18 U.S.C. § 844(f)(1) & (I), something the government need not prove to show a § 2332a violation. Count 1, meanwhile, requires proof of a conspiracy to use a "weapon of mass destruction." While relatively broad, the definition of this term in § 2332a and § 921 is narrower than the definition of explosives in § 844. Compare 18 U.S.C. § 844(j) (defining "explosives" to include, *inter alia*, gunpowder), with 18 U.S.C. § 921(a)(4)

---

[3] Count 3 of the original indictment cited to both § 371 and § 2332a. The court raised this issue to determine which test to apply in considering Love's multiplicity argument. Because Count 3 of the superseding indictment only cites § 371, the question of what effect to give the prior citation to § 2332a is moot. See United States v. Scott, 884 F.2d 1163, 1164 (9th Cir. 1989) ("[W]hen an indictment is dismissed and replaced with an information charging offenses different than those contained in the indictment, any challenge to the legal sufficiency of the indictment becomes moot.").

1  (defining "destructive device" to include bombs, grenades, rockets, missiles, mines, certain
2  shotguns, and related items), <u>and</u> 18 U.S.C. § 2332a(c)(2) (including destructive devices,
3  biological and chemical weapons, and weapons releasing radiation or radioactivity in the
4  definition of weapons of mass destruction). Counts 1 and 3 are thus not multiplicitous.

### C. Bill of Particulars

Love seeks a bill of particulars specifying the distinctions between Counts 1 and 3. Because the statutory violations charged in those counts elucidate the relevant differences, and because discovery in this case is ongoing, this request is denied without prejudice. <u>See, e.g.</u>, <u>Duncan v. United States</u>, 392 F.2d 539, 541 (9th Cir. 1968) (affirming the denial of a bill of particulars where "the indictment and . . . the information given to counsel" was sufficient to provide notice of the crime charged and protect the defendant from double jeopardy).

For these reasons, **IT IS ORDERED** that Love's motions to dismiss Counts 1, 2, and 3 of the superseding indictment and to force the government to elect between Counts 1 and 3 of that indictment are **DENIED**. Love's motion for a bill of particulars is **DENIED WITHOUT PREJUDICE**. Love's motion for leave to file further motions is **GRANTED**.

Dated: December 15, 2010

HON. M. MARGARET MCKEOWN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation