ROBERT E. BOYCE
State Bar No. 79806
BOYCE & SCHAEFER
934 23rd Street
San Diego, CA  92102
619/232-3320

Attorney for Defendant
DONNY LOVE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 10CR2418-MMM |
| Plaintiff, | |
| v. | **POINTS AND AUTHORITIES SUPPORTING DEFENDANT'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT AS VINDICTIVE** |
| DONNY LOVE | |
| Defendant. | Date: February 14, 2011 |
| | Time: 9:00 a.m. |

**POINTS AND AUTHORITIES**

**I.**

**THE SUPERSEDING INDICTMENT MUST BE DISMISSED BECAUSE IT IS VINDICTIVE**

Mr. Love was indicted in June, 2010. After Mr. Love filed numerous motions and made it clear he would exercise his right to a jury trial, the government filed a superceding indictment alleging additional counts. The additional counts were based on conduct occurring approximately two years before the original indictment. These facts raise a presumption of vindictiveness which, if not rebutted, requires the superseding indictment be dismissed.

-1-

A.     **Procedural Background.**

Mr. Love was charged June 17, 2010, in an eight count indictment alleging: conspiracy to use a weapon of mass destruction in Count 1; use of a weapon of mass destruction in Count 2; conspiracy to make and possess pipe bombs in Count 3; maliciously damaging property owned by the United States Count 4; intentional use of a destructive device in Count 5; intentional use of an explosive to commit a felony in Count 6; intentional use of an explosive to commit a felony in Count 7; and possession of unregistered firearms in Count 8. Counts 1–8 all relate to the May 4, 2008 detonation of a pipe bomb at the Edward J. Schwartz Federal Courthouse.

On August 2, 2010, Mr. Love moved to compel discovery. On August 24, 2010, this Court set a trial date of February 14, 2011. On November 11, 2010, Mr. Love filed motions to dismiss Counts 1 and 2 as unduly vague, to order a bill of particulars, to compel the government to elect between Counts 1 and 3, to change venue due to pretrial publicity.

On December 9, 2010, a superseding indictment was filed adding Counts 9 and 10. Mr. Love is charged with witness tampering in Count 9, and obstruction of justice in Count 10. Counts 9 and 10 are alleged to have occurred during the summer of 2008, well before the original indictment was filed in 2010. The additional counts increase Mr. Love's potential sentence by up to 40 years.

B.     **These Circumstances Raise A Presumption Of Vindictiveness.**

"To punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'" *United States v. Goodwin*, 457 U.S. 368, 372 (1982) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)). "For while an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right." *Goodwin*, 457 U.S. at 372.

A criminal defendant is "entitled to a presumption of vindictiveness" if he can show additional "charges 'were filed because he exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness.'" *United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007) (quoting United States v. *Gallegos-Curiel*, 681 F.2d 1164, 1168 (9th Cir.1982). The defendant need not show that a prosecutor "acted in bad faith" or "maliciously sought" additional charges. *Jenkins*, 504 F.3d at 699 (citing *United States v. Groves*, 571 F.2d 450, 453 (9th Cir. 1978) and *United States v. Ruesga-Martinez*, 534 F.2d 1367, 1369 (9th Cir.1976)). Rather, a defendant need only "demonstrate a reasonable likelihood" additional charges would not have been brought if the defendant elected not to exercise a constitutional right. *Jenkins*, 504 F.3d at 699 (citing *Gallegos-Curiel*, 681 F.2d at 1169 ("[T]he appearance of vindictiveness results only where, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus towards the defendant because he has exercised his specific legal rights.")); *see also, Goodwin*, 457 U.S. at 373, 384.

"The mere appearance of prosecutorial vindictiveness suffices to place the burden on the government because the doctrine of vindictive prosecution 'seeks[s] to reduce or eliminate apprehension on the part of an accused' that [he] may be punished for exercising [his] rights." *Jenkins*, 504 F.3d at 699 (citing *Ruesga-Martinez*, 534 F.2d at 1369). The doctrine is designed "to prevent chilling the exercise of [legal] rights by other defendants who must make their choices under similar circumstances in the future." *Jenkins*, 504 F.3d at 699 (quoting *United States v. DeMarco*, 550 F.2d 1224, 1227 (9th Cir. 1977) (quotations omitted)).

The presumption of vindictiveness can only be overcome by "objective evidence justifying the prosecutor's action" and the government must show additional charges "did not stem from a vindictive motive, or [were] justified by independent reasons or

intervening circumstances that dispel the appearance of vindictiveness." *Jenkins*, 504 F.3d at 701 (quoting *Goodwin*, 457 U.S. at 376, fn. 8 and *Gallegos-Curiel*, 681 F.2d at 1168) (quotations omitted).

Here, there is a "reasonable likelihood" that the new charges in the second superseding indictment are based on Mr. Love's intention on exercising his constitutional right to a jury trial. The facts of *Jenkins* are illustrative. There, the defendant was charged with importing marijuana. At the time of her arrest, she told agents she did not know there was marijuana hidden in her car because she believed she was smuggling an illegal alien into the United States. On trial for importing marijuana, she testified to the same thing and the government introduced evidence that the defendant had been previously arrested for alien smuggling. On the day the jury began deliberating, the government filed a complaint charging her with alien smuggling from a previous incident. The defendant moved to dismiss the new alien smuggling charges for vindictive prosecution and Judge Benitez granted her motion. The government appealed but the Ninth Circuit affirmed. *See Jenkins*, 504 F.3d at 698-699.

In agreeing with Judge Benitez that the new alien smuggling charges were in fact vindictive, the Ninth Circuit explained that the government's "alien smuggling case essentially was open and shut even before Jenkins testified in court." *Id.* at 700. This was because the government had evidence before her testimony in the marijuana smuggling case that connected her to alien smuggling. The government conceded that "it could have brought charges earlier on" but chose not to. *Id.* The Ninth Circuit concluded that in those circumstances, "the government's decision to press charges only after Jenkins asserted a reasonably credible defense to the marijuana importation charges raises, at the very least, a 'reasonable or realistic likelihood' that the government's decision was motivated by a retaliatory purpose" and concluded the presumption of vindictiveness had been met. *Id.* at 701.

1       The Ninth Circuit further concluded that the government had not overcome the
2 presumption of vindictiveness. The government claimed the evidence of alien smuggling
3 was stronger once the defendant testified in her marijuana smuggling trial but both Judge
4 Benitez and the Ninth Circuit found that unconvincing. *Id.* The Ninth Circuit noted:
5       from the moment she was apprehended for smuggling marijuana, Jenkins
6       maintained that she believed she was smuggling aliens and pointed to her
7       October apprehensions. There was no reason for the government to think
8       that she would not continue with this defense at trial. If the government had
9       been concerned with appearing vindictive, it could have filed the alien
10       smuggling charges in January, when Jenkins first asserted that she did not
11       know she was smuggling marijuana. We therefore conclude that the
12       justifications offered by the government do not suffice to dispel the
13       appearance of vindictiveness created by the timing of the alien smuggling
14       charges.
15 *Jenkins*, 504 F.3d at 701-702.
16       Here, the discovery provided to counsel indicates the government had all the
17 information supporting Counts 9 and 10 before it filed the original indictment. It was only
18 after Mr. Love exercised various constitutional and statutory rights that the government
19 charged the additional counts. These facts give rise to a presumption of vindictiveness, a
20 presumption the government cannot rebut.
21       The superseding indictment must be dismissed.

## II.

## CONCLUSION

The defendant respectfully requests this court order the superseding indictment dismissed.

DATED: January 31, 2011                    Respectfully submitted,

/s/ Robert E. Boyce
ROBERT E. BOYCE
Attorney for Defendant
DONNY LOVE