FILED
JAN - 5 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE M. MARGARET McKEOWN)

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>DONNY LOVE, SR.,<br>                      Defendant. | CASE NO. 10cr2418-MMM<br><br>ORDER REGARDING MOTION FOR NEW COUNSEL (Docket No. 127); MOTION FOR A NEW TRIAL (Docket No. 146); MOTION REGARDING INEFFECTIVE ASSISTANCE (Docket Nos. 146, 155) |

This order addresses each of defendant Donny Love's ("Love") motions for new counsel, as well as his motion for a new trial. Specifically, this order addresses: Love's first motion for new counsel (Docket No. 26, filed September 2010); Love's second motion for new counsel (Docket No. 120, filed June 10, 2011); Love's third motion for new counsel and for relief based on ineffective assistance of counsel (Docket No. 127, filed August 2011); and Love's motion for a new trial (Docket No. 146, filed October 21, 2011). The court considered each of Love's filings along with responses from the government. See Docket Nos. 26, 120, 127, 146, 152, 155.

A hearing regarding the second and third motions for new counsel was held on September 7, 2011. The hearing was continued to November 21, 2011. On November 21, 2011, Love's motion for a new trial was heard, along with argument related to all of Love's motions regarding new counsel. The court considers all of the evidence for each

motion in connection with the other motions specified above because the motions were filed seriatim and are interelated.

## I. LOVE'S FIRST MOTION FOR NEW COUNSEL

In September 2010, the court received Love's first motion for new counsel. On September 22, the court accepted the filing nunc pro tunc. Docket No. 25. In his motion, Love listed twelve reasons the court should grant the motion, but provided no underlying facts whatsoever. Docket No. 26. Love also contemporaneously wrote to the court requesting both a hearing and that Kathryn Thickstun be appointed as counsel. See Docket No. 28. The court declined to accept this ex parte communication for filing, noting that it had already accepted for filing Love's motion for new counsel. Id. Prior to deciding the motion, Love's then-attorney, Robert Boyce, informed the court through the deputy clerk, Gaby Cazares, that all issues related to the motion had been resolved. According to Boyce's testimony on November 21, 2011, "it turns out that [Love's] primary concern was not receiving the discovery, and we corrected that. [Love] informed me that he wanted to continue with me, and so I advised the Court." In light of this advice to counsel as well as the fact that Love provided no factual support for his motion, and no evidence with respect to any conflict with counsel, on October 27, 2010, the court denied Love's first motion for new counsel without prejudice. Docket No. 31. The order specifically stated that Love could "refile the motion if circumstances change." Id. at 1.

During an evidentiary hearing held on November 21, 2011, Boyce testified that Love sought a new attorney in September 2010 because Love was frustrated with his own inability to view discovery at the Metropolitan Correctional Center ("MCC"). Boyce further testified that the problems were created by the computer hardware at the MCC, and that once Boyce had the technical issues corrected, Love agreed to continue with Boyce as counsel. Thereafter, Boyce verbally notified the court, through Ms. Cazares, that the issues that gave rise to Love's first new counsel motion had been resolved. Based on this testimony, the court reaffirms its prior ruling denying Love's first motion for new counsel. Specifically, the court finds that Love did not meet his burden to demonstrate a conflict

between himself and counsel. Love sought new counsel due to issues with access to discovery at the MCC; however, once Boyce rectified the technical issues, Love agreed to continue with Boyce as counsel. See United States v. Mendez-Sanchez, 563 F.3d 935, 944 (9th Cir. 2009) (defendant's "general unreasonableness or manufactured discontent" is not enough to secure new counsel (internal quotation marks omitted)). Despite the court's ruling that Love could refile the motion "if circumstances change," Love did not file another counsel motion until after the trial concluded in June 2011.

## II. LOVE'S SECOND MOTION FOR NEW COUNSEL

On May 10, 2011, immediately prior to a hearing to consider the parties' motions in limine, Love informed the court that he wished to be represented by different counsel. Docket No. 150 at 2. In open court, however, Love explicitly stated that he would proceed with Boyce as counsel. Id. at 3-4. The court finds that when it specifically discussed the issue of new counsel with Love, Love unequivocally stated his desire to proceed with Boyce as counsel. Docket No. 150. The court finds Love's unequivocal statement, made two weeks before trial, rendered moot every purported request for new counsel prior to and including May 10, 2011.

Four days after Love was found guilty, on June 10, the court clerk's office received Love's second motion for new counsel. Docket No. 120. No proof of service was attached to the undated motion; however, Love contends he mailed the second motion on May 11, 2011. On September 7, 2011, the court granted Love's motion for new counsel prospectively with respect to new counsel for post-trial proceedings, and denied the motion otherwise, subject to further hearing. In light of Love's representations and Boyce's discussions with Love, as well as Boyce's feeling that he should not continue to represent Love in light of the circumstances, the court advised Love that it would appoint a new attorney for post-trial proceedings in the district court.

### A. Mootness

Six days after receipt of Love's second motion, on June 16, 2011, the court construed Love's motion as one to be represented by different counsel at trial and denied

1 the motion as moot. Docket No. 121. The order noted that Love disclaimed any intent to
2 acquire new counsel on May 10, 2011, and also forfeited the issue because he did not
3 indicate that he wanted new counsel either prior to or at any time during trial. Id. On
4 September 7, 2011, the court reiterated its holding that Love did not meet his burden of
5 demonstrating that he mailed the second motion on May 11, 2011. Docket No. 151. After
6 further argument on November 21, 2011, coupled with additional filings by Love, the
7 court now makes additional factual findings that further substantiate its holdings of June
8 16, 2011 and September 7, 2011.

9        Love claims that on May 11, 2011, he sent his second motion for new counsel by
10 handing it to a unit manager at the MCC and watching a prison official place it in the
11 MCC's mail bag. Docket No. 120. For purposes of this motion, the court adopts the
12 "prison mail box rule," which favors Love if he can substantiate his claims. *See Houston*
13 *v. Lack*, 487 U.S. 266, 275 (1988) (deeming a document filed by a pro se prisoner "filed"
14 as of the time the prisoner delivers it to prison authorities for mailing, rather than the time
15 it is received by the court). In support of the mailing date, Love presented an *unsigned*
16 declaration from Jack Richmond, a unit counselor at the MCC. Docket No. 146, Exh. 6.
17 The court finds this unsigned declaration does not constitute admissible evidence, and
18 therefore Love cannot meet his burden to demonstrate that the motion was mailed on May
19 11, 2011. The court specifically gave Love an opportunity to call an MCC witness or
20 other witness by continuing the September 7, 2011 hearing to November 21, 2011 and
21 setting a schedule for filing documentary evidence. Even if the court were to consider the
22 declaration, the document states that at *some* point prior to trial, Richmond mailed to the
23 court a typewritten document. He does not specify when he mailed the document or the
24 title or contents of the document. This vague reference is insufficient for Love to
25 demonstrate that Richmond mailed Love's second motion for new counsel on May 11,
26 2011. Notably, Richmond states that the document he mailed at *some* point prior to trial
27 was the only typewritten document he has mailed on Love's behalf. Since Love has
28 submitted multiple typewritten documents to the court, including his first motion for a new

trial, the court further finds that Love cannot show that Richmond mailed Love's second motion for a new trial and not some other document. Based on this inadmissible evidence, even if considered, the court reaffirms its prior holding that Love cannot demonstrate that his second motion for new counsel was mailed prior to trial. Consequently, the court finds that Love's second motion for new counsel is moot as to new *trial* counsel.

Love also presented numerous administrative requests to the Bureau of Prisons regarding allegations of mail tampering. Docket No. 120, Exh. 7. Specifically, he complained that his mail was being opened and that he was not receiving his mail in a timely manner. Id. The court finds that Love's evidence concerning these administrative requests is insufficient to demonstrate that Love's second motion for a new trial was mailed on May 11, 2011. Specifically, none of Love's complaints were with respect to *outgoing* mail. Because Richmond did not testify at the evidentiary hearing, there is no admissible evidence in the record, other than Love's assertion, that indicates when the second motion for a new trial was mailed. The court does not credit Love's assertion in light of the other evidence, particularly the fact that he affirmatively stated on May 10, 2011 that he wanted to proceed with Boyce and he now claims he mailed a motion for new counsel on May 11, 2011. The court finds that Love did not meet his burden to show that he mailed a motion for new counsel on May 11, 2011. Based on the foregoing, the court denies as moot the part of Love's motion that requests new *trial* counsel.

B.  Waiver

On September 7, 2011, the court alternatively held that assuming the second motion was timely mailed, Love waived or forfeited the claim by failing to raise it in a timely manner prior to or during trial. Docket No. 151. On May 16, 2011, a few days after Love purportedly mailed his second request, the court held a hearing to consider Love's Daubert motion. Docket No. 83. During the hearing, Love made no reference to new counsel and did not state that he wanted new counsel. On May 23, 2011, before the jury panel entered the courtroom, the court provided ample opportunity for both parties to air any pending issues. Docket No. 94. While Love was present, he did not express any

desire to be represented by a different lawyer. Nor did he inquire about the status of his purported second written motion for new counsel. Thereafter, Love's trial proceedings were held on at least eight separate days from May 23 to June 6, and Love, who was present, did not express a desire for new counsel. Throughout the trial, the court routinely met with the parties, with Love present, while the jury was out of the courtroom. On none of these occasions did Love indicate to the court that he wished to be represented by new counsel. Based on Love's failure to raise the counsel issue at any point during these numerous occasions, the court finds that Love waived his request for new trial counsel.

### C. Merits

As a third alternative regarding Love's second motion for new counsel, the court conducts a retrospective analysis of Love's motion assuming it was filed on May 11, 2011. Based on this analysis, Love's second motion is denied for two additional reasons: first, the May 11, 2011 motion was untimely; and second, there was no irretrievable breakdown in communication between Love and Boyce.

#### 1. Timeliness

Although Love had disclaimed any intention of seeking new counsel on May 10, 2011, he states that he changed his mind because, on May 11, 2011, counsel refused to request a continuance of trial so that Love could review discovery. Even if Love mailed the request on May 11, 2011, the motion would still not have been timely. Regarding timing, "a district court has broad discretion to deny a motion for substitution made on the eve of trial if the substitution would require a continuance." United States v. Garcia, 924 F.2d 925, 926 (9th Cir. 1991).

This was a complex case involving serious charges, and as Love recognizes, the government produced thousands of pages of discovery. As a result, even if the second motion had been received by the court on May 11, 2011, a significant continuance of trial would have been necessary so that new counsel could prepare. See Mendez-Sanchez, 563 F.3d at 942 (holding that a motion submitted two weeks before trial was untimely because the trial had been continued twice and "involved significant discovery," new counsel

would require a continuance, and the defendant could have made the motion sooner).

The inconvenience factor also weighs against granting any such motion. Various witnesses, some residing thousands of miles away, would have been substantially inconvenienced. Love's co-conspirators would also have to wait longer to be sentenced, because their sentencing hearings had to await the conclusion of Love's trial. See id. at 941-42 (noting that "several defendants . . . could not be sentenced until after Mendez-Sanchez's trial was completed"). Love has not presented any evidence that an alternate defense counsel could have been ready for trial, which was scheduled to begin twelve days later, on May 23, 2011.

Finally, Love himself delayed in filing his second motion for new counsel. His second motion argued that he was entitled to new counsel because: 1) he had not been able to personally review all of the discovery in the case; 2) Boyce had not requested all of the 20,000 pages of discovery from the government; 3) Boyce failed to investigate leads that Love provided; 4) in January 2011, Boyce did not accept Love's suggestion to file a motion to dismiss the indictment; 5) in January 2011, Boyce did not accept Love's suggestion to seek appointment of a demographic expert; and 6) in a conversation on May 11, Boyce declined to seek a further continuance of trial during which Love could review discovery. Each is without merit.

The court finds that Love's first three reasons could have, and should have, been brought to the court's attention long before trial. Specifically, the court finds that Love's contentions that counsel was not sharing all of the government's discovery with him, and that counsel failed to investigate potentially fruitful leads or request pertinent discovery must have all percolated for some time before Love claimed he mailed his motion on May 11, 2011. The court finds that Love's purported discontent regarding these issues is further undercut by his unequivocal statement on May 10, 2011 that he wished to continue with Boyce as his attorney. Reasons four and five relate to Love's dissatisfaction with counsel's failure to file two specific motions in January 2011. Docket No. 120 at 2. The court finds that this reason for dissatisfaction matured in January 2011; consequently,

1  Love's May 2011 motion, even if filed on the eve of trial, was unduly delayed. The sixth
2  reason relates solely to trial strategy and is insufficient to comprise cause for substitution
3  of counsel.
4      In sum, the court finds that the need for a continuance, the probability of
5  widespread and substantial inconvenience, and Love's delay, all weigh against granting
6  Love's motion, even if the motion had been received on May 11, 2011. The court
7  therefore exercises its discretion to deny Love's second motion for new counsel.

    2. <u>Breakdown in Communication</u>

9       Finally, even if Love's motion was not untimely, he has not shown that he had a
10 breakdown in communication with counsel. Regarding any breakdown in communication,
11 "the proper focus of [the] inquiry is on the nature and extent of the *conflict* between
12 defendant and counsel, not on whether counsel is legally *competent*." United States v.
13 Walker, 915 F.2d 480, 483 (9th Cir. 1990), overruled on other grounds by United States v.
14 Nordby, 225 F.3d 1053 (9th Cir. 2000). An irreconcilable conflict exists when the
15 defendant refuses to communicate with counsel because of differences regarding trial
16 strategy and that refusal compromises the defense. Walker, 915 F.2d at 484-85.

17      There is "no evidence that [any] conflict was so extensive that it prevented [Love]
18 from communicating with [counsel]." United States v. Reyes-Bosque, 596 F.3d 1017,
19 1034 (9th Cir. 2010). To the contrary, Love's motion suggests that he conversed with
20 counsel about numerous issues. This impression is reinforced by the court's observation
21 of Love's interactions with counsel. Both at the pre-trial motions hearings and during trial,
22 Love routinely communicated with counsel and consistently did so cordially. The court
23 "observed [Love] communicating with [counsel], . . . talking with him, [and] acting as if"
24 Love's relationship with counsel "was absolutely fine." United States v. Smith, 282 F.3d
25 758, 765 (9th Cir. 2002)). Indeed, neither Love nor counsel expressed disgust, anger, or
26 any other manifestations of a breakdown in the attorney-client relationship in the court's
27 presence. Nor is there any evidence that counsel ever complained about Love. Instead,
28 Boyce testified on November 21, 2011, that he had no difficulty in communicating with

Love, and that Love had not indicated to Boyce that Love was unhappy with Boyce's representation.

None of Love's six reasons for appointment of new counsel demonstrates a breakdown in communications. Instead, they all relate to differences regarding trial strategy. Love claims that counsel should have sought to dismiss the indictment on certain grounds, sought appointment of a demographic expert, investigated certain leads that Love provided, sought further discovery from the government, and sought a continuance. Counsel could have determined that the motion to dismiss the indictment was without merit, that a demographic expert would not be appropriate, that Love's leads would not materially aid the defense, that further discovery would not be useful, and that a continuance was not necessary. None of these reasons demonstrates a breakdown; instead, each demonstrates that "[t]he only genuine [attorney-client] conflict [was] with respect to trial strategy." United States v. Corona-Garcia, 210 F.3d 973, 977 (9th Cir. 2000). In other words, Love's complaints with Boyce all relate to tactical decisions "clearly within the realm of powers committed to the discretion of defense counsel." Id. at 977 n.2. "[T]his type of dispute is not a sufficient conflict to warrant substitution of counsel." United States v. McKenna, 327 F.3d 830, 844 (9th Cir. 2003).

Finally, Love also claims that counsel should have allowed Love to review all of the discovery provided by the government. Other than the bare assertion, Love does not provide any evidence to support this claim. He does not specify what discovery he was unable to review, and why such personal review was not possible. Boyce testified that the technical issues at the MCC had been resolved; nonetheless, Love provided no supporting evidence during the evidentiary hearing held on November 21, 2011 as to why he was unable to review discovery. Even so, such a claim is insufficient to demonstrate the necessary breakdown in the relationship with counsel. This unsupported assertion is therefore insufficient to warrant granting Love's second motion for new counsel.

Even assuming that there was some sort of difficulty in communication between counsel and Love, that difficulty did not hinder counsel's presentation of the case. Far

1  from impeding counsel's preparation of a defense through non-communication, Love
2  actively attempted to assist counsel. In short, Love's second motion for new counsel is
3  without merit because there was no irretrievable breakdown in communication. For all of
4  the foregoing reasons, Love's second motion for new trial counsel is denied.

5  **III.    LOVE'S THIRD MOTION FOR NEW COUNSEL**

6        On August 2011, the court received an untitled document from Love claiming
7  ineffective assistance of counsel and arguing that the failure to hold a hearing on his first
8  two motions for new counsel violated his due process rights. Docket No. 127 (Third
9  Motion for New Counsel). He asks that the court vacate his conviction and dismiss the
10 indictment.

11     A.    Ineffective Assistance

12       Although the Ninth Circuit does not categorically bar the possibility of considering
13 ineffective assistance of counsel claims during post-trial proceedings and on direct appeal,
14 it will only consider such claims on direct appeal if the record is fully developed. See,
15 e.g., United States v. Velte, 331 F.3d 673, 681 (9th Cir. 2003). It also "prefer[s]" to hear
16 such claims in a habeas proceeding. United States v. Molina, 934 F.2d 1440, 1446 (9th
17 Cir. 1991). Consequently, on September 7, 2011, the court stated that such a motion
18 would not normally be entertained at this stage. Docket No. 151 at 3. The court then
19 granted Love's request for new counsel going forward, and appointed Michael Berg as
20 counsel. Id. at 19-20. The court ordered Boyce to remain as attorney of record, and
21 relieved him as attorney of record during the November 21, 2011 hearing.

22       At the November 21, 2011 hearing, Berg advised that Love was not pursuing an
23 ineffective assistance of counsel claim. He stated that ineffective assistance "was not the
24 crux of our motion nor were we making that argument." Because the record regarding
25 these issues has not been fully developed, Love's motion is denied without prejudice as to
26 future collateral attack.

27     B.    Hearings Regarding Motions for New Counsel
28       With respect to his first motion, no hearing was required since Boyce was able to

resolve the technical issues that precipitated the motion, thereby rendering it moot. In any event, six months later, during the hearing on May 10, 2011, Love unequivocally disavowed any intent to seek new counsel. With respect to his second motion for new counsel, the court held hearings on September 7, 2011 and November 21, 2011. This order denies the second motion on four independent grounds after conducting a retrospective analysis. Love's third motion for new counsel—based entirely on the first two motions for new counsel—is also denied for the reasons discussed above.

## IV. LOVE'S MOTION FOR A NEW TRIAL

Love's new attorney, Berg, filed a motion for a new trial claiming that the denial of a hearing with respect to Love's first and second requests for new counsel denied Love his constitutional right to counsel. Docket No. 146. Due to the duplicative nature of this motion, on October 27, the court construed this motion to "incorporate and subsume" Love's third motion for new counsel. Docket No. 149 at 1.

Love's new trial motion claims that a hearing should have been held regarding Love's first request for new counsel because "[n]othing in the record seems to indicate why the hearing on Mr. Love's motion was never held, and why the Motion was denied without Mr. Love even appearing in Court to present his arguments." Docket No. 146 at 3. On November 21, 2011, Boyce testified as to his communications with the court regarding the resolution of Love's first motion for new counsel. Boyce's testimony, along with this order, clarify why a hearing on Love's first motion was unnecessary. Moreover, the court finds that Love's acknowledgment in open court on May 10, 2011—that he was happy with Boyce—moots the issue of a hearing with respect to his first motion for new counsel.

Regarding his purported May 11, 2011 request (which was filed June 10, 2011), the court held a hearing on November 21, 2011. In his motion for a new trial, Love presented declarations from two attorneys, Kathryn Thickstun and Michael Earle, stating that they were contacted by Love at some point prior to trial regarding possible representation. See Docket No. 146, Exhs. 3 & 4. Neither specifies when he or she was actually contacted, an omission that the court finds significant. Their declarations add

nothing to the chronology of events regarding counsel. The court finds that Love cannot meet his burden to demonstrate that any concerns with representation outlined in the declarations arose subsequent to Love's unequivocal statement that he did not desire new counsel. Even if the contacts occurred before that date, they do not support Love's motion.

Alternatively, the court finds that the declarations do not demonstrate a breakdown in communication between Love and Boyce, and instead demonstrate, at best, Love's discontent with Boyce's representation. For instance, both Thickstun and Earle claim that Love was "dissatisfied" with his attorney. Id., Exh. 3, ¶ 3; Exh. 4, ¶ 4. Thickstun further claims: "Mr. Love said he believed Mr. Boyce was insufficiently prepared, was not representing him aggressively, and did not believe in Mr. Love's innocence." Id., Exh. 3, ¶ 3. There is, however, no evidence that Boyce was insufficiently prepared or failed to aggressively represent Love. Boyce vigorously defended Love during the trial, and filed numerous pre-trial motions. See Docket Sheet. Thickstun's contention regarding Love's view that Boyce did not believe in Love's innocence is not relevant to the analysis here nor is it admissible evidence. In sum, the court holds that Love's discontent with his attorney, to the extent stated by Love and Thickstun and Earle's declarations, was insufficient to demonstrate that new counsel should have been appointed. See Mendez-Sanchez, 563 F.3d at 944.

Love also presents a letter dated April 10, 2011, which he claims was provided by Thickstun; however, there is no declaration to this effect. The letter states that Love "tried to fire [Boyce] about six months ago. But I guess the court havent [sic] decided yet." Docket No. 146, Exh. 5. Love's second motion for new counsel, allegedly filed on May 11, 2011, references the court's October 2010 order. Docket No. 120. Consequently, the court finds that as of May 11, 2011, Love was aware the his first motion for new counsel had been denied without prejudice. Moreover, as discussed above, on May 10, 2011, Love indicated that he did not desire new counsel.

On December 2, 2011, the court received an additional document from Love. See

Docket No. 155. Love claims that he did not receive discovery from Boyce in October 2010; however, he admits on page two that he had an opportunity to review the discovery in December 2010. Even if Love is correct that he did not receive discovery in October 2010, he unequivocally disclaimed any interest in seeking new counsel on May 10, 2011. As held above, Love's delay in notifying the court regarding the discovery issues is a further basis for denial of his motion for new counsel. Love also appears to raise again a purported conflict of interest regarding his new attorney; however, the court already determined on November 21, 2011, that no such conflict existed.

In short, none of Love's arguments demonstrate that there was a breakdown in communication such that he should have been appointed new counsel prior to trial. Nor does Love's recent evidence explain his own delay and waiver. Because Love cannot demonstrate that his motions for new counsel should have been granted, Love's motion for a new trial is denied.

## CONCLUSION

Love's third motion for new counsel (Docket No. 127) is granted in part and denied in part. On September 7, 2011, the court appointed Michael Berg as counsel for post-trial matters. The remainder of Love's motions for new counsel are denied. Love's motion for a new trial (Docket No. 146) and for relief based on ineffective assistance of counsel (Docket No. 155) are both denied.

The court affirms its denial of Love's first motion for new counsel (Docket No. 26) and second motion for new counsel (Docket No. 120).

Dated: 1/5/12

*M. Margaret McKeown*
HON. M. MARGARET MCKEOWN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation