# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 10-cr-02418-MMM |
|---|---|
| Plaintiff, | **ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)** |
| v. | |
| Donny Love Sr., | **(COMPASSIONATE RELEASE)** |
| Defendant. | |

Defendant Donny Love Sr. moved for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 316) based primarily on the threat posed by the COVID-19 pandemic and his health conditions. After considering the standards under the applicable statutes, the factors provided in 18 U.S.C. § 3553(a), and a complete review of the parties' submissions,

IT IS ORDERED that the motion is DENIED.

FACTORS CONSIDERED:

The Court finds that Mr. Love has failed to establish that the COVID-19 pandemic, coupled with his current medical condition, presents an "extraordinary and compelling" basis for relief under § 3582(c)(1)(A).

Mr. Love contends that at 55 years old, he "is more at danger especially with his multiple health issues," including high blood pressure, vitamin D deficiency, posttraumatic stress disorder (PTSD), prediabetes, a tremor, cataracts, and seizures. Yet, through citation to Mr. Love's medical records, the Government has persuasively documented that the "health issues" Mr. Love cites in his motion are currently well-managed with medications and regular, professional supervision. For instance, while Mr. Love suffers from "essential" hypertension, medical records show that he is taking prescription medicine for hypertension and has not suffered from any acute episodes as a result of this condition. Mr. Love has received regular vitamin D supplements, such that more recent bloodwork indicates that his vitamin D level is no longer deficient. Although Mr. Love is being treated for PTSD, the records reflect he is satisfied with his medication and his mood has been congruent with no disturbances. Mr. Love's claim to suffer from prediabetes, meanwhile, is belied by his medical records. Other than conclusory references, Mr. Love has not provided any documentation with respect to his health situation. Under these circumstances, the Court is not persuaded that Mr. Love's medical conditions, either individually or collectively, constitute an extraordinary and compelling basis for compassionate release.

In conjunction with his claimed health conditions, Mr. Love urges that he is at additional risk for severe illness with COVID-19. The Bureau of Prisons has made COVID-19 vaccines (and boosters) available to every employee and inmate in a BOP institution, including Mr. Love. However, Mr. Love has declined to be vaccinated against COVID-19, a factor that weighs against, although is not dispositive of, his motion. He has offered no explanation for this decision. As the Seventh Circuit recently noted, "a prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021); *see also United States v. Lemons*, 15

F.4th 747, 751 (6th Cir. 2021). In addition, the spike in cases that accompanied the omicron wave has subsided since January 2022, when Mr. Love filed his motion. More than half of the inmates at USP Hazelton, Mr. Love's facility, have been vaccinated, and, at present, there are zero active cases at USP Hazelton. *See COVID-19 Cases*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/. This has significantly diminished Mr. Love's risk of infection. As the Centers for Disease Control and Prevention has explained, vaccines "remain the best public health measure to … protect against severe illness, hospitalizations, and deaths" due to COVID, including the omicron variant. *See* CDC, *Omicron Variant: What You Need to Know*, https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html.

Mr. Love has provided no documents, statistics, or other evidence to support his assertion that his current sentence represents an unwarranted sentencing disparity among similarly situated federal defendants. As the Government notes, the "unique nature" of Mr. Love's criminal conduct—orchestrating the bombing of a federal courthouse—would make it difficult to show such a disparity. Although the court does not pin its conclusion on any specificity related to courthouse business, the court understands that with respect to the offenses here, a difference in sentencing with his co-defendants was warranted. Because Mr. Love was the ringleader, and because all of his co-defendants pled guilty and accepted responsibility for their actions, Mr. Love cannot claim an unwarranted disparity with those defendants.

Finally, the Court finds that a sentence reduction is not warranted under the applicable factors provided in 18 U.S.C. § 3553(a). The Court recently considered these factors on January 18, 2022, in imposing Mr. Love's resentencing, and considering them again, the Court is not persuaded that these factors now counsel his immediate release. Rather, the Court concludes that Mr. Love's continued incarceration reflects the seriousness of his offense, promotes respect for the law, provides just punishment for his offense, affords adequate deterrence to criminal

1  conduct, protects the public from future crimes, provides him with ample education,
2  training, rehabilitative opportunities, and medical care, and avoids unwarranted
3  sentencing disparities.  Mr. Love's efforts toward rehabilitation—including his
4  educational certificates, religious coursework, and good behavior—are laudable but
5  do not constitute an extraordinary or compelling justification.
6      Accordingly, the Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)
7  is DENIED.
8      **IT IS SO ORDERED.**

10  **DATED: April 21, 2022**

                                 */s/ M. Margaret McKeown*
                                 **M. Margaret McKeown, Circuit Judge**
                                 **sitting by designation**
                                 **United States District Court**