# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**FILED**
Oct 13 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ A. Finnell   DEPUTY

UNITED STATES OF AMERICA

V.

DONNY LOVE, SR.

**JUDGMENT AFTER REMAND AND RE-SENTENCING**
(For Offenses Committed on or After November 1, 1987)

Case Number: 3:10-cr-02418-MMM-1

John Paul Balazs
Defendant's Attorney

USM / Register Number: 23747-198

**Previously imposed sentence is vacated and set aside pursuant to the Mandate of the United States Court of Appeals for the Ninth Circuit.**

The Defendant, after a plea of not guilty, was found guilty on <u>Counts 1, 2, 3, 4, 6, 8, and 9 of the Superseding Indictment.</u>
Accordingly, the Defendant is adjudged guilty of such counts, which involve the following offenses:

| Title & Section | Nature of Offense | Counts |
|---|---|---|
| 18 USC 2332a(a)(2)(B) and (a)(3) | Conspiracy to Use a Weapon of Mass Destruction | 1 |
| 18 USC 2332a(a)(2)(B) and (a)(3) and 2 | Use of a Weapon of Mass Destruction and Aiding and Abetting | 2 |
| 18 USC 371 | Conspiracy to Maliciously Damage Buildings or Real Property by Means of Explosive, and Manufacture and Process Unregistered Firearms | 3 |
| 18 USC 844(f)(1) and 2 | Malicious Damage to Buildings or Real Property by Means of an Explosive and Aiding and Abetting | 4 |
| 18 USC 844(h)(1) and 2 | Use of Explosive to Commit a Felony and Aiding and Abetting | 6 |
| 26 USC 5841, 5861(d) and 5871; 18 USC 2 | Possession of Unregistered Firearm and Aiding and Abetting | 8 |
| 18 USC 1512(b)(3) | Tampering with a Witness by Corrupt Persuasion | 9 |

The Defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☒ Count <u>10 of the Superseding Indictment</u> was vacated upon remand from the Ninth Circuit.
- ☒ Count <u>7 of the Superseding Indictment</u> was vacated as multiplicitous by the Court's Order of January 18, 2022.
- ☒ Count <u>5 of the Superseding Indictment</u> was vacated by the Court's Order of July 9, 2021.
- ☒ Assessment total: $700.00 ($100 as to each count 1-4, 6, 8, 9) imposed.
- ☒ No fine is imposed based on the Defendant's inability to pay a fine.

    IT IS ORDERED that the Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the Defendant must notify the Court and United States Attorney of any material change in the Defendant's economic circumstances.

October 6, 2023
Date of Imposition of Sentence

*M. Margaret McKeown*
HONORABLE M. MARGARET MCKEOWN
UNITED STATES CIRCUIT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | DONNY LOVE, SR. | Judgment - Page **2** of **6** |
| CASE NUMBER: | 3:10-cr-02418-MMM-1 | |

## IMPRISONMENT

The Defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Count 1: Two Hundred and Fifty (250) months to run concurrent with Counts 2, 3, 4, 8, 9 and consecutive to Count 6.
Count 2: Two Hundred and Fifty (250) months to run concurrent with Counts 1, 3, 4, 8, 9 and consecutive to Count 6.
Count 3: Sixty (60) months to run concurrent with Counts 1, 2, 4, 8, 9 and consecutive to Count 6.
Count 4: Sixty (60) months to run concurrent with Counts 1, 2, 3, 8, 9 and consecutive to Count 6.
Count 6: One Hundred and Twenty (120) months to run consecutive to Counts 1, 2, 3, 4, 8, 9.
Count 8: One Hundred and Twenty (120) months to run concurrent with Counts 1, 2, 3, 4, 9 and consecutive to Count 6.
Count 9: Thirty-Six (36) months to run concurrent with Counts 1, 2, 3, 4, 8 and consecutive to Count 6.
Total sentence of imprisonment for 370 months.

☒ The Court makes the following recommendations to the Bureau of Prisons:

1. Participate in the Bureau of Prisons' Life Connection Restorative Justice Program, if available. If not available, participate in other comparable programs so that Mr. Love can continue with anger management/conflict resolution and in particular programs related to drug abuse.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____ DEPUTY UNITED STATES MARSHAL

3:10-cr-02418-MMM-1

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | DONNY LOVE, SR. | Judgment - Page **3** of **6** |
| CASE NUMBER: | 3:10-cr-02418-MMM-1 | |

## SUPERVISED RELEASE

Upon release from imprisonment, the Defendant will be on supervised release for a term of:
Count 1: Five (5) years to run concurrent to Counts 2, 3, 4, 6, 8 and 9.
Count 2: Five (5) years to run concurrent to Counts 1, 3, 4, 6, 8 and 9.
Count 3: Three (3) years to run concurrent to Counts 1, 2, 4, 6, 8 and 9.
Count 4: Three (3) years to run concurrent to Counts 1, 2, 3, 6, 8 and 9.
Count 6: Five (5) years to run concurrent to Counts 1, 2, 3, 4, 8 and 9.
Count 8: Three (3) years to run concurrent to Counts 1, 2, 3, 4, 6 and 9.
Count 9: Three (3) years to run concurrent to Counts 1, 2, 3, 4, 6 and 8.
Total Supervised Release for 5 years.

## MANDATORY CONDITIONS

1. The Defendant must not commit another federal, state, or local crime.
2. The Defendant must not unlawfully possess a controlled substance.
3. The Defendant must not illegally possess a controlled substance. The Defendant must refrain from any unlawful use of a controlled substance. The Defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that the Defendant poses a low risk of future substance abuse. (Check if applicable)
4. ☒ The Defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (Check if applicable)
5. ☒ The Defendant must cooperate in the collection of DNA as directed by the probation officer. (Check if applicable)
6. ☐ The Defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the Defendant resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable)
7. ☐ The Defendant must participate in an approved program for domestic violence. (Check if applicable)

The Defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.
//
//
//

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | DONNY LOVE, SR. | Judgment - Page **4** of **6** |
| CASE NUMBER: | 3:10-cr-02418-MMM-1 | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the Defendant's supervised release, the Defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the Defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the Defendant's conduct and condition.

1. The Defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the Defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the Defendant will receive instructions from the court or the probation officer about how and when the Defendant must report to the probation officer, and the Defendant must report to the probation officer as instructed.

3. The Defendant must not knowingly leave the federal judicial district where the Defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The Defendant must answer truthfully the questions asked by their probation officer.

5. The Defendant must live at a place approved by the probation officer. If the Defendant plans to change where they live or anything about their living arrangements (such as the people living with the Defendant), the Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The Defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the Defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the Defendant from doing so. If the Defendant does not have full-time employment the Defendant must try to find full-time employment, unless the probation officer excuses the Defendant from doing so. If the Defendant plans to change where the Defendant works or anything about their work (such as their position or their job responsibilities), the Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The Defendant must not communicate or interact with someone they know is engaged in criminal activity. If the Defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the Defendant is arrested or questioned by a law enforcement officer, the Defendant must notify the probation officer within 72 hours.

10. The Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The Defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the Defendant poses a risk to another person (including an organization), the probation officer may require the Defendant to notify the person about the risk and the Defendant must comply with that instruction. The probation officer may contact the person and confirm that the Defendant notified the person about the risk.

13. The Defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | DONNY LOVE, SR. | Judgment - Page **5** of **6** |
| CASE NUMBER: | 3:10-cr-02418-MMM-1 | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

2. Submit your person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

//

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | DONNY LOVE, SR. | Judgment - Page **6** of **6** |
| CASE NUMBER: | 3:10-cr-02418-MMM-1 | |

## RESTITUTION

The Defendant is to pay restitution in the amount of $325,000.00 to the General Services Administration (GSA) through the Clerk, U.S. District Court, payable forthwith or through the Inmate Financial Responsibility Program at the rate of $25.00 per quarter during the period of incarceration, with the payment of any remaining balance to be made following the Defendant's release from prison at the rate of $100.00 per month. This liability is Defendant Donny Love's alone and is not owed jointly and severally with others.

//

3:10-cr-02418-MMM-1